UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY J. ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-5-CDP |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the June 5, 2017 motion filed by petitioner Bobby Roberts, titled "Revised Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254." (Docket No. 7). The motion will be denied.

On January 3, 2017, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but he neither paid the filing fee nor sought leave to proceed *in forma pauperis*. In addition, the petition was defective. On January 20, 2017, I entered an order giving him thirty days to pay the filing fee or move for leave to proceed *in forma pauperis*, and to submit an amended petition. Petitioner timely paid the filing fee, and sought and received an additional thirty days to file an amended petition. His response was due to the Court on March 15, 2017, but he filed nothing. On March 23, 2017, I dismissed the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to petitioner's failure to prosecute his case and his failure to comply with my January 20, 2017 Order.

Petitioner filed the instant motion on June 5, 2017. Therein, he writes:

Comes now Petitioner and hereby this amended habeas petition to dismiss the judgment with prejudice as a void judgment based on the facts of the case presented herein and the law presented herein.

> The order of the court was dismissed <u>without prejudice</u> pursuant to 28 U.S.C. section 2254. Therefore, since the order of the court was dismissed without prejudice, Petitioner files this amended petition to request the court to declare the order void and issue a declaration for his release.

(*Id.*) (emphasis in original). Petitioner then sets forth claims for relief under § 2254, including a sixth amendment violation resulting from defense counsel's refusal to produce a "dead bang winner," the state court judge lacked a "federal oath of office," an attempt to negotiate a plea deal amounted to fraud upon the court, and the "charging process" against petitioner was fraudulent. (*Id.* at 2).

The motion is nothing upon which relief can be granted. While this case was pending, petitioner failed to file an amended petition despite being given ample opportunity to do so, essentially ignoring this Court's orders. Construing the instant motion as a motion to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, it is untimely, and petitioner's arguments would be unavailing even if it were timely. Finally, there is no basis to construe the motion as one seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because petitioner asserts no grounds for such relief. I will therefore deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion (Docket No. 7) is **DENIED**.

Dated this 15th day of June, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE